**Hill Trust**

*W. Davis Graham*, for petitioners.

*R. E. Ashe* and *Richard S. Graff*, for respondents.

ROBERTS, P. J., (specially presiding), January 28, 1961.—This proceeding under the Revised Price Act of June 7, 1917, P. L. 388, as amended, 20 PS §1561, is by testamentary trustees of real estate seeking authority to sell trust property. The sale is opposed by descendants of the residuary legatees of the settlor.

John R. Hill died July 22, 1926, leaving a will dated June 11, 1925, by which he devised in trust his farm consisting of approximately 98 acres in South Buffalo Township, Armstrong County, to "Armstrong Lodge No. 239, Free and Accepted Masons of Freeport, Pa., of which I am a member" under conditions set forth in various subparagraphs. In subparagraph (a) he provided:

"The said Armstrong Lodge No. 239, Free and Accepted Masons shall have the use of said farm for the

purpose of providing suitable Outing Grounds to which all members of Armstrong Lodge No. 239, Free and Accepted Masons and their families shall be made welcome, under such rules and regulations as may be laid down by the Board of Trustees hereafter appointed."

In other presently material portions of his will, decedent directed, subparagraph e, that the estate devised to the lodge "shall be held in trust by my esteemed and trusted friends (named to serve for life) as trustees . . . for the purposes herein mentioned" and provided for the selection of successor trustees. The trustees are authorized, subparagraph b, to rent parts of the land and buildings not required for the use of the lodge and use such rentals for maintenance of the property, taxes and for construction of new buildings to be used for farm purposes after first applying $10 per year for the care and maintenance of settlor's burial lot. The trustees are also authorized, subparagraph d, to rent part of the farm to other Masonic lodges. In subparagraph (f) decedent provided:

"Should Armstrong Lodge No. 239, Free and Accepted Masons, cease to exist, then in that case, the Trustees herein mentioned, shall hold the property in trust for the next nearest Masonic Lodge, under the same terms and conditions as provided in the devise to Armstrong Lodge No. 239, Free and Accepted Masons."

The School District of South Buffalo Township, under the right of eminent domain, condemned approximately 10 acres of the farm for school purposes. The compensation for the taking was fixed at $5,000 by compromise approved by order of court, dated August 31, 1955, which directed the trustees "to hold said sum in trust in the same manner and for the same purposes as the land which it replaces."

The essential facts involving the utilization of the farm are not in dispute. The trustees, though partially maintaining the property for four or five years following decedent's death, have not developed or expanded it as an outing or recreational area. Lodge members and their families have not, except on very infrequent occasions prior to 1930, and are not now making use of the land for picnics, recreational, social or similar purposes.

Petitioners take the position that lodge members and their families are not interested in spending time on the farm, located about two miles from Freeport, or using it for "outing grounds or other social or recreational purposes." The trustees desire, therefore, to sell the property and apply the proceeds from the sale towards constructing recreational and social facilities in the building owned by the lodge in Freeport. This, petitioners contend, will more effectively provide recreational and social facilities for members and their families and thus enable them to carry out the purposes of the trust.

The interests opposing the sale contend that decedent made a conditional devise to the lodge "for the purpose of providing suitable outing grounds" to which all members and their families "shall be made welcome." This they maintain was not done and could have been accomplished by providing "suitable outing conditions to which families of today would be attracted to spend their leisure hours." By providing swimming facilities, picnic tables and grills, ball fields, tennis courts, other recreational equipment and outdoor devices it is argued, the trustees could have carried out the purpose of the trust. Having thus failed to meet testator's condition it is contended the trust terminated and the farm reverts to the descendants of decedent's residuary beneficiaries. . . .

Examination and study of decedent's will in the

light of the applicable principles of construction clearly indicate that he intended to create a trust and not a condition subsequent or a trust subject to a condition. Testator devised his farm to named trustees for use by his lodge brothers and their families and under certain circumstances by members of other Masonic lodges. This gift for the benefit of the persons designated, decedent's failure to expressly or otherwise provide for a gift over or a reverter if his farm should should not be used as an outing area, as well as his provision "for the next nearest Masonic Lodge" in the event his own lodge should cease to exist constitutes clear and convincing evidence that he intended a trust for the benefit of Masonic groups and not a transfer subject to a condition or the creation of a trust subject to a condition subsequent. Had decedent intended his gift to terminate if the farm is not used for "outing grounds" he could easily have said so and made provision for the property if that should occur, just as he did in the event his own lodge should "cease to exist." This, decedent did not do. There is nothing in the language decedent employed or in the attending circumstances which constitutes an express or implied reverter or exhibits an intent to convey the property subject to the condition that it be used for the specific purpose only and that, in the absence of such use, the property pass to others. The authorities relied on by respondents on this issue are clearly distinguishable, the cases cited involve specific or implied reverters, gifts over or conditions subsequent and are not controlling here.

Decedent's will evidences a primary intention to benefit his lodge brothers and their families by making available to them recreation and social facilities. The fact that he identified his farm as the place for such activities does not diminish or limit the effect of his expressed primary intention to provide recrea-

tional benefits for the persons named in his will. What testator clearly expressed was the intention to benefit them and their families and this intention he in no way limited exclusively to the use of the property in question. Although testator suggested a preference for the use of the farm for outdoor recreation he did not restrict or condition his gift to that specific use. We are unable to find anything in his expressed words or the surrounding circumstances that indicates an intention or desire to impose such a condition or limitation upon his gift or to terminate the gift if the farm is not so used. Any other construction of testator's will ascribes to him an intention more concerned with the specific utilization of his farm than with the conferring of benefits upon his Masonic fellows. In our view any construction of decedent's will which permits termination of the gift because the farm itself is not used by the beneficiaries is contrary to his expressed intention and must therefore be rejected.

Having determined that testator created a valid trust we must now consider its nature and the accomplishment of the trust purposes. Decedent's gift for the recreational use of the members and families of the Masonic Lodge to which he belonged, and under certain circumstances the members of other Masonic Lodges, is, under the circumstances here present, the bequest of a trust for charitable purposes. . . .

Careful review and consideration of all of the circumstances satisfied us that directing the trustees to use the farm itself for recreational purposes would not fulfill nor advance decedent's intention and the purposes of the trust he created but would rather tend to substantially impair the accomplishment of his trust purposes. In arriving at this conclusion we are influenced by changes in circumstances which have taken place since decedent's death. . . .

The trustees will, therefore, be directed to use the trust funds as a memorial to the donor, John R. Hill, in accordance with the plan submitted by them and as authorized by this adjudication. "The court will direct or permit the trustee of a charitable trust to deviate from a term of the trust if it appears to the court that compliance is impossible or illegal, or that owing to circumstances not known to the settlor and not anticipated by him compliance would defeat or substantially impair the accomplishment of the purposes of the trust": Restatement of Trusts 2d §381. If decedent's gift were construed as a private rather than a charitable trust, the same rule would be applicable. See Restatement of Trusts 2d §167(1), and the same result would be reached. Likewise, a similar result would obtain by the application of the doctrine of cy pres, were that required: Williams Estate, 353 Pa. 638; Restatement of Trusts 2d §399. . . .